**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5079

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN BRANNON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:95-cr-00370-HMH-46)

Submitted:  May 20, 2008          Decided:  June 11, 2008

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, Assistant United States Attorney, Columbia, South Carolina, Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Brannon appeals the sixty-month sentence imposed upon revocation of his supervised release. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review, but suggesting that the court may have abused its discretion in revoking release and imposing sentence. Brannon has filed a pro se supplemental brief raising additional issues. After a thorough review of the record, we affirm.

There was testimony at the revocation hearing that a confidential informant purchased crack cocaine from Brannon. The transaction was captured on tape. The district court found beyond a reasonable doubt that Brannon had violated a condition of supervised release.

The decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke release, the district court must find, based on a preponderance of the evidence, that the defendant committed the charged violation of a condition of release. 18 U.S.C. § 3583(e)(3) (2000); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). Here, although the district court applied the more rigorous evidentiary standard, application of this standard did not violate Brannon's substantial rights and was not reversible error. See United States v. Olano,

507 U.S. 725, 732 (1993). Further, contrary to Brannon's assertion on appeal, a defendant's conviction on the criminal charge underlying a petition to revoke supervised release is not a prerequisite to revocation of release. See 18 U.S.C. § 3583(e)(3).

We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Brannon's sixty-month sentence equals the statutory maximum of five years to which he was subject. See 18 U.S.C. § 3583(e)(3). Further, in sentencing Brannon, the district court considered both the advisory guideline range of fifty-one to sixty months, see U.S. Sentencing Guidelines Manual §§ 7B1.4(a)(2), 7B1.4(b)(3)(A), p.s. (1994), and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors that the court was permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438, 440. Finally, the court stated a proper basis for imposing sentence. See id. at 440. We conclude that the sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the judgment. This court requires counsel to inform her client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

-3-

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED