**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4598**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SCOTTIE LEE GRAVES,

        Defendant – Appellant.

---

**No. 08-4599**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SCOTTIE LEE GRAVES,

        Defendant – Appellant.

---

**No. 08-6834**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SCOTTIE LEE GRAVES,

                Defendant – Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:00-cr-00123-JAB-1; 1:04-cr-00220-JAB-1; 1:06-cv-00940-JAB-RAE)

---

Submitted: January 14, 2009        Decided: February 19, 2009

---

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Richard Croutharmel, Raleigh, North Carolina, for Appellant in Nos. 08-4598; 08-4599. Scottie Lee Graves, Appellant Pro Se in No. 08-6834. Michael Francis Joseph, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scottie Lee Graves was charged with violating the terms of his supervised release. At his supervised release revocation hearing, Graves admitted that he had committed the violations as charged. The district court revoked release and sentenced Graves to concurrent eighteen-month prison terms. Graves now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in revoking release and whether the sentence is plainly unreasonable. Graves has filed a pro se brief raising additional issues. We affirm.

Graves initially contends that the district court erred in revoking his supervised release. We review the district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). In light of Graves' admission that he committed the release violations as charged and the statutory requirement that release be revoked when a defendant, like Graves, possesses a controlled substance, see 18 U.S.C.

3

§ 3583(g) (2006), revocation of release was not an abuse of discretion.

Graves also contends that his sentence is unreasonable. A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Here, our review of the record reveals that Graves' revocation sentence falls below the statutory maximum of twenty-four months. See 18 U.S.C. § 3583(e)(3) (2006) (authorizing revocation sentence of up to two years when underlying offense is a Class D felony). Further, the sentence is procedurally reasonable: the district court considered both the Chapter 7 advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See Crudup, 461 F.3d at 438-40. Furthermore, the sentence is substantively reasonable, for the court adequately explained its reasons for imposing the concurrent eighteen-month sentences. See id. at 440.

In accordance with Anders, we have reviewed the entire record in these cases and have found no meritorious issues for

appeal.[*]  We therefore affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client.  Graves' "Emergency Extraordinary Writ for Release," or motion for bail, and his motion for "Emergency Extraordinary Writ for Immediate Modification/Reduction of Term Imposed" are denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]  The issues Graves raises in his pro se brief are without merit.

5