**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4210**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

NATHANIEL DEVON BAILEY,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.    Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00196-RJC-CH-1)

Submitted:  August 28, 2009        Decided:  December 8, 2009

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Devon Bailey appeals the district court's judgment revoking his supervised release. Bailey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in relying upon evidence seized on November 24, 2008, allegedly in violation of the Fourth Amendment, to conclude that Bailey committed new criminal conduct. Bailey was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

We review a district court's decision to revoke a defendant's supervised release for an abuse of discretion, United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999), and review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2009); Johnson v. United States, 529 U.S. 694, 700 (2000).

Bailey's claim that evidence seized after the November 24 stop should have been excluded fails because the exclusionary rule does not apply in supervised release revocation

proceedings.  <u>See</u> <u>United States v. Armstrong</u>, 187 F.3d 392, 393-95 (4th Cir. 1999).  We therefore find that the district court did not abuse its discretion in concluding by a preponderance of the evidence that Bailey committed new criminal conduct.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform the client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>