**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER DOBBINS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas David Schroeder, District Judge.  (1:08-cr-00378-TDS-1)

Submitted:  February 17, 2010          Decided:  March 1, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Christopher Dobbins' supervised release and sentenced him to twenty-seven months in prison. Dobbins now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether there was sufficient evidence to find that Dobbins had violated the terms of his release but stating that there are no meritorious grounds for appeal. Dobbins was notified of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). We review for clear error the factual determinations underlying the conclusion that a release violation occurred. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009).

At Dobbins' revocation proceeding, two police officers testified that a confidential informant conducted a controlled purchase of marijuana from Dobbins. One officer who was on the surveillance team testified that she saw Dobbins exit his car

2

carrying a baggie that appeared to contain marijuana, enter the informant's car, and leave a short time later empty-handed. Following the transaction, the informant turned over a baggie containing marijuana to the police.

The district court found that a preponderance of the evidence established that Dobbins had engaged in a drug transaction as charged[*] and had thereby violated a release term requiring that he refrain from violating federal, state, and local laws. The court revoked release and sentenced him to twenty-seven months in prison. In light of the testimony at the hearing, we conclude that the district court did not clearly err in finding that Dobbins committed the violation. We further find that the district court did not abuse its discretion in revoking Dobbins' release.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm. This court requires counsel to inform her client, in writing, of his right to petition the

---

[*] The Petition for Warrant or Summons for Offender Under Supervision alleged that Dobbins had violated the release condition when he "was arrested by the Greensboro Police Department . . . for Felony Possession With Intent to Sell and Deliver Marijuana . . . ."

3

Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4