**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4032**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

RONALD R. BROADNAX,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:01-cr-00225-REP-1)

Submitted:  July 15, 2010            Decided:  July 27, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill,
Assistant Federal Public Defender, Patrick L. Bryant, Research
and Writing Attorney, Richmond, Virginia, for Appellant.  John
Donley Adams, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court revoked Ronald R. Broadnax's supervised release and sentenced him to twenty-four months in prison. Broadnax now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but claiming that the district court erroneously found Broadnax guilty of violating the terms of his release and that the sentence is unreasonable. Broadnax has filed a pro se brief, also arguing that the sentence is unreasonable. We affirm.

At the revocation hearing, the United States dismissed two of the charged supervised release violations. A written stipulation, in which Broadnax admitted that he had committed the remaining violations, was admitted into evidence. After hearing testimony, the district court found Broadnax guilty of the violations by a preponderance of the evidence.

We review the district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). In light of the stipulation and testimony, we conclude that revocation of release was not an abuse of discretion.

Counsel and Broadnax argue in their respective briefs that the sentence is unreasonable. A sentence imposed following

2

revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Here, our review of the record reveals that the sentence falls within the statutory maximum of twenty-four months. See 18 U.S.C. § 3583(e)(3) (2006). Further, the sentence is procedurally reasonable: in sentencing Broadnax, the district court considered both the Chapter 7 policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See Crudup, 461 F.3d at 438-40. Finally, the sentence is substantively reasonable, for the court adequately explained its reasons for imposing the sentence. See id. at 440. In this regard, the court mentioned the need to protect the community and to deter similar conduct, as well as Broadnax's demonstrated lack of respect for the judicial process.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

3

Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>