**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4288**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL WILLIAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:99-cr-00017-WO-1)

———————

Submitted:  September 22, 2010    Decided:  October 18, 2010

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court revoked Michael Williams' supervised release and sentenced him to twenty-one months in prison. Williams now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Williams was advised of his right to file a pro se brief, but did not file such a brief. We affirm.

At the revocation hearing, Williams admitted violating a condition of release by using controlled substances on several occasions. There were no objections to the probation officer's determination that Williams, who was in criminal history category VI, had committed a Grade B release violation and that his advisory Guidelines range was twenty-one to twenty-seven months in prison. The court heard from counsel and from Williams, who explained his reasons for relapsing into drug abuse.

We review the district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). In light of Williams' admission at the hearing, we conclude that revocation of release was not an abuse of discretion.

2

In the Anders brief, counsel argues that the sentence is excessive and that the district court did not properly consider Williams' explanation of his relapse into substance abuse. We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). Here, our review of the record reveals that the sentence falls within the statutory maximum of five years. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2010). Further, the sentence is procedurally reasonable: in sentencing Williams, the district court considered both the Chapter 7 policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors that it is permitted to consider. See Crudup, 461 F.3d at 438-40. Finally, the sentence is substantively reasonable, for the court adequately explained its reasons for imposing the sentence. See id. at 440. In this regard, and contrary to Williams' contention, the court clearly took Williams' statement at sentencing into consideration. The court expressed its appreciation for Williams' candor and stated that such candor and Williams' support system were the reasons it was not imposing a longer sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

3

appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED