**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4879**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

THELBERT GRAINGER, JR.,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:02-cr-00037-F-1)

———————————

Submitted: January 27, 2011     Decided: February 17, 2011

———————————

Before GREGORY and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thelbert Grainger, Jr., appeals the district court's judgment revoking supervised release and imposing a twenty-four month sentence. We affirm.

Grainger pled guilty to one count of false statement to a firearms dealer during acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) (2000) in 2002. He was sentenced to 87 months' imprisonment to be followed by 36 months' supervised release. His term of supervision commenced on January 13, 2009. His short tenure of supervised release was characterized by significant violations, including testing positive for marijuana, failing to pay court-imposed fines, and absconding from supervision. The Probation Office ultimately petitioned the district court for revocation. After a hearing, the court found that Grainger had six supervised release violations and imposed a twenty-four month sentence. His advisory Guidelines range was seven to thirteen months. On appeal, Grainger argues that the twenty-four month sentence imposed by the district court was plainly unreasonable. We do not agree.

This court reviews the district court's revocation of supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A sentence imposed after revocation of supervised release should be affirmed if it

2

is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). This court first reviews the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38 (2007)], whether a sentence is 'unreasonable.'").

Although the district court must consider the Chapter 7 policy statements and the requirements of § 3553(a) and § 3583, "the sentencing court retains broad discretion to revoke a defendant's probation [or supervised release] and impose a term of imprisonment up to the statutory maximum." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (citing Crudup, 461 F.3d at 439). In this case, the statutory maximum revocation sentence was two years' imprisonment.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall, 552 U.S. at 51. This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United

3

States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guideline range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Grainger neither objected to his sentence, nor did he request a sentence different in duration or manner from that which he received. Accordingly, our initial reasonableness review is for plain error. Lynn, 592 F.3d at 577. To establish plain error, "[Grainger] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Grainger satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public

4

reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

With regard to Grainger's claim that the court did not provide an adequate explanation of his sentence and should have further considered the Chapter 7 policy statements and the § 3553(a) factors, we have reviewed the record and we do not agree. The district court clearly discussed Grainger's lengthy criminal history, the seriousness of his violations, and the need for Grainger to receive substance abuse treatment. We conclude that the court did not err, let alone plainly so. Consequently, we need not decide whether the sentence was plainly procedurally unreasonable within the meaning of Crudup.

Grainger also challenges the substantive reasonableness of his sentence. We again note the broad discretion afforded to district courts in imposing a sentence within the statutory maximum on violations of supervised release. In light of this discretion, and after review of the record, we conclude that the sentence imposed was substantively reasonable. Again, we need not reach the issue of whether it was plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED