**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4793**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY EARL ADAMS, a/k/a David A. Freeze,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:96-cr-00058-BR-1)

_____

Submitted: March 31, 2011          Decided:  April 22, 2011

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Susan S. Kister, St. Louis, Missouri, for Appellant.  George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Earl Adams appeals the judgment revoking supervised release and imposing a sixty-month sentence. On appeal, Adams contends that the district court erred in revoking his period of supervised release and imposed a plainly unreasonable sentence upon revocation. Finding no reversible error, we affirm.

Adams first contends that the district court erred in revoking his period of supervised release. To revoke supervised release, the district court must find by a preponderance of the evidence that the defendant violated terms of his release. 18 U.S.C. § 3583(e)(3) (2006); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Our review of the record leads us to conclude that the district court did not clearly err in finding that Adams violated the terms of his supervised release. See United States v. Benton, 627 F.3d 1051, 1054 (8th Cir. 2010) (reviewing district court's findings of fact related to supervised release violations for clear error). Therefore, we conclude that the district court did not abuse its discretion in revoking Adams's supervised release. See Copley, 978 F.2d at 831 (reviewing district court's decision to revoke defendant's supervised release for abuse of discretion); see also United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999) (reviewing

2

district court's termination of defendant's supervised release for abuse of discretion).

Adams also contends that the district court's sentence imposed upon revocation was plainly unreasonable. Because Adams did not request a sentence outside the U.S. Sentencing Guidelines Manual policy statement range, we review his challenge to the reasonableness of his sentence for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); see United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion," United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted), and will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. Id. at 437.

Our first step in reviewing a sentence imposed upon a revocation of supervised release is to "decide whether the sentence is unreasonable." Id. at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is

3

procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

"[I]n some cases, a district court's reasons for imposing a within-range sentence may be clear from context, including the court's statements to the defendant throughout the sentencing hearing." Thompson, 595 F.3d at 547 (internal citation omitted). Unless the district court completely fails to indicate any reasons for its sentence, "[w]e may be hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences." Id. If we determine that the sentence is not unreasonable, we will affirm. Crudup, 461 F.3d at 439.

Our review of the record on appeal leads us to conclude that the district court committed no plain error and that the revocation sentence is procedurally and substantively reasonable. Accordingly, we affirm the judgment of the district

4

court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED