**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5240**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSHUA B. HENDRIX,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:08-cr-00429-GRA-1)

———————

Submitted:  May 31, 2011     Decided:  June 15, 2011

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua B. Hendrix appeals the revocation of his supervised release and the imposition of a sentence of twelve months and one day in prison. Hendrix's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in revoking Hendrix's supervised release and in imposing sentence. Hendrix was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). Our review of the record, which includes Hendrix's admission that he committed the alleged violations, leads us to conclude that the district court did not abuse its discretion in revoking Hendrix's supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). In

2

making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, Crudup, 461 F.3d at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 439. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than in applying reasonableness review to Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is plainly so. Id. at 657. We have carefully reviewed the record and conclude that the sentence imposed after Hendrix's supervised release revocation was not plainly unreasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. The court requires

3

that counsel inform Hendrix, in writing, of the right to petition the Supreme Court of the United States for further review. If Hendrix requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hendrix.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4