UNITED STATES of America,
Plaintiff–Appellee,

v.

George Lloyd PREGENT,
Defendant–Appellant.

No. 98–6309.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1999.

Decided Aug. 10, 1999.

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** William Arthur Webb, Federal Public Defender, Raleigh, North Carolina, for Appellee. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge WILLIAMS wrote the opinion, in which Judge MICHAEL and Judge DIANA GRIBBON MOTZ joined.

## OPINION

WILLIAMS, Circuit Judge:

George Pregent filed a motion under 18 U.S.C.A. § 3583(e) (West Supp.1999) in the district court requesting a reduction in his term of supervised release on the ground that the sentencing court had misapplied the Sentencing Guidelines, and, as a result, Pregent remained in custody for up to thirty-two months too long. The Government conceded error in the calculation of the sentence. The district court ruled that incarceration and supervised release serve significantly different societal purposes, and that in light of Pregent's extensive criminal history, the interest of justice would be served if Pregent finished his term of supervised release. Pregent appealed.

We hold that the district court did not abuse its discretion in denying Pregent's motion under 18 U.S.C.A. § 3583(e) because the district court properly considered both Pregent's conduct and the interest of justice before denying the motion on the basis of Pregent's conduct. Further, even if Pregent's motion were construed as one for habeas relief, we determine that relief under 28 U.S.C.A. § 2255 (West Supp.1999) is not available to Pregent because the motion was not filed within the one-year statute of limitations. As a result, we affirm.

## I.

On August 14, 1990, a grand jury in the Eastern District of North Carolina returned a twenty-seven count indictment against Pregent. The indictment charged that Pregent falsely represented Social Security numbers with the intent to deceive in violation of 42 U.S.C.A. § 408(g)(2) (West 1989), redesignated as 42 U.S.C.A. § 408(a)(7)(West Supp.1999), counterfeited social security cards in violation of 42 U.S.C.A. § 408(g)(3) (West 1989), redesignated as 42 U.S.C.A. § 408(a)(7) (West Supp.1999), unlawfully possessed blank, counterfeit social security cards in violation of 42 U.S.C.A. § 408(g)(3) (West 1989), redesignated as 42 U.S.C.A. § 408(a)(7) (West Supp.1999), knowingly presented unauthorized United States identification documents in violation of 18 U.S.C.A. § 1028(a)(1) (West Supp.1999), knowingly produced false identification documents in interstate commerce in violation of 18 U.S.C.A. § 1028(a)(1) (West Supp.1999), possessed document-making implements in violation of 18 U.S.C.A. § 1028(a)(5) (West Supp.1999), and possessed false identification that had the appearance of official United States docu-

ments in violation of 18 U.S.C.A. § 1028(a)(6) (West Supp.1999).

On September 25, 1991, Pregent pleaded guilty to two counts of the indictment. On January 2, 1992, the district court sentenced Pregent to serve thirty-seven months in prison on each of the two counts. The two sentences were to be served concurrently with each other and with a ten-year sentence Pregent received for a 1989 North Carolina conviction for obtaining property by false pretense, forgery, and uttering. The district court also sentenced Pregent to a thirty-six-month term of supervised release following his imprisonment. Pregent did not appeal his sentence.

After sentencing in the district court, Pregent was returned to the custody of the North Carolina Department of Corrections to serve out the remainder of his ten-year sentence for the 1989 conviction and to begin his concurrent federal sentence. He remained in the North Carolina prison system until May 14, 1994, at which time he was transferred to the federal prison system to complete his thirty-seven-month term. He remained in federal custody until September 9, 1994. After Pregent's release from federal custody, he was transferred to New Hampshire to serve a two to four-year sentence that he was required to serve consecutively to the North Carolina and federal sentences.

Pregent was released from New Hampshire prison into the custody of a federal halfway house on October 19, 1996, where he remained for six months pursuant to the terms of his supervised release as handed down at his January 2, 1992, sentencing hearing. He was released from

the halfway house on April 27, 1997, and remains on supervised release.

## II.

On November 24, 1997, Pregent filed a motion for modification of his supervised release in the United States District Court for the Eastern District of North Carolina.[1] The motion was filed pursuant to the authority granted in 18 U.S.C.A. § 3583(e) (West Supp.1999), which authorizes the sentencing court to terminate, extend, or revoke terms of supervised release upon consideration of certain factors outlined in 18 U.S.C.A. § 3553 (West Supp. 1999). See 18 U.S.C.A. § 3583(e).

In his motion, Pregent urged the district court to terminate his supervised release because his initial sentence had been miscalculated. Specifically, Pregent noted that two prior convictions were erroneously assigned criminal history points under the Sentencing Guidelines when those convictions encompassed activity that was already included as part of the relevant offense conduct. Pregent also asserted that because those same state offenses formed the basis of his 1989 North Carolina conviction and were part of the same course of conduct as his federal conviction, the district court should have credited him for the time already served in the North Carolina prison system pursuant to U.S.S.G. § 5G1.3(b) (1991). As a result of these miscalculations, Pregent stated that he had remained in prison for thirty-two months longer than he would have under a correctly calculated Guidelines sentence. For purposes of Pregent's motion, the Government conceded sentencing error.[2]

---

**1.** Pregent filed an earlier motion for modification of his supervised release on December 27, 1994. The district court determined that the motion was premature, as he had not yet served a full year on supervised release as required by 18 U.S.C.A. § 3583(e) (West Supp.1999). We affirmed the district court's denial of the motion. See United States v. Pregent, 67 F.3d 298 (4th Cir.1995) (Table). In our affirmance we noted that Pregent had raised issues regarding the application of the

Sentencing Guidelines for the first time on appeal of his motion, and, therefore, those arguments were not properly before this Court. See id.

**2.** The Government assumed that error had occurred at sentencing in its response to Pregent's motion in the district court, but did not comment on the extent of the possible error. During oral argument, the Government stated that any sentencing error that had occurred

After reviewing 18 U.S.C.A. § 3583(e), the district court determined that it would not order Pregent's supervised release to be terminated. Although the district court did not foreclose the possibility of reducing an individual's supervised release time as the result of a sentencing error, it ruled that in Pregent's case such an action was inappropriate. Specifically, the court noted that Pregent had a long criminal background, including a pattern of escape and flight from incarceration, and also had a history of drug abuse. Therefore, the district court concluded that it would be in Pregent's interest and in the interest of justice that he continue the rehabilitative regimen facilitated by supervised release.

Pregent noted this appeal.

### III.

■ On appeal, Pregent argues that the district court erred when it failed to terminate his period of supervised release because he had remained in prison for several months longer than he should have if the sentencing court had properly calculated his sentence. Pregent asserts that as a matter of law and equity he is entitled to have his supervised release period tabulated from the time that he should have been released from prison, rather than from the date he was actually released from prison. In support of his argument, Pregent points to what he characterizes as two competing statutory provisions: 18 U.S.C.A. § 3624(a) (West Supp.1999) and 18 U.S.C.A. § 3624(e) (West Supp.1999). Section 3624(e) states that an individual begins serving his term of supervised release on the day he is released from prison. *See* 18 U.S.C.A. § 3624(e). Section 3624(a) provides that a "prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment." 18 U.S.C.A. § 3624(a). Pregent asserts that in his

case § 3624(a) was violated because the sentencing court sentenced him incorrectly, and, therefore, he was held in prison unlawfully for a period of months. Thus, he argues that he should be considered released pursuant to § 3624(e) on the date his sentence should have expired, and that the excess time spent in prison thereby should be credited to his supervised release time.

■ We review a district court's decision whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C.A. § 3583(e) under the narrow abuse of discretion standard. *Cf. United States v. Wesley*, 81 F.3d 482, 484 (4th Cir.1996) (reviewing conditions of supervised release for abuse of discretion); *United States v. Lowenstein*, 108 F.3d 80, 85–86 (6th Cir. 1997) (reviewing revocation of supervised release for abuse of discretion).

■ Section 3583 is the general section instructing district courts on the parameters of supervised release. The relevant text of § 3583(e) provides:

(e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice....

18 U.S.C.A. § 3583(e). The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for

was limited to four months. Similarly, Pregent concedes on appeal that he may not have been incarcerated for thirty-two months too long, but rather may have remained in prison

beyond the appropriate term only for the additional months spent solely in federal custody from May 14, 1994—September 9, 1994.

supervision after the individual has served one full year on supervised release. The statute does not provide a mechanism for a collateral attack on an individual's original unappealed sentence.[3]

The statute, however, is not exclusively limited to considerations of conduct. The language of the statute notes that the district court "may" terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released *and the interest of justice*." *Id.* (emphasis added). The phrase "the interest of justice" does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period. The conjunction "and" used in the statute, however, clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice.[4]

In this case, the district court considered Pregent's argument that his sentence had been miscalculated, but it nevertheless concluded that Pregent's conduct did not warrant the termination of his supervised release time. Specifically, the district court "note[d] that defendant has an extensive criminal background extending back to at least 1974, a history of drug abuse and a pattern of escape and flight from the law." (J.A. at 37–38.) Pregent does not dispute that the district court's observations regarding his criminal history were correct. Thus, because the district court followed the statutory mandate to consider both Pregent's conduct and the interest of justice and concluded that Pregent's behavior did not warrant an early termi-

nation of supervised release, the district court did not abuse its discretion under the plain terms of 18 U.S.C.A. § 3583(e).

## IV.

In as much as Pregent was attempting to collaterally attack his original sentence through his 18 U.S.C.A. § 3583(e) (West Supp.1999) motion by arguing that his supervised release should be terminated because his prison sentence extended beyond that which was required by law, he should have presented those arguments in a motion for habeas relief under 28 U.S.C.A. § 2255 (West Supp.1999):

> A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner on supervised release is considered to be "in custody" for purposes of a § 2255 motion. *See Maleng v. Cook,* 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

Even construed under 28 U.S.C.A. § 2255, however, Pregent's motion must fail. Pregent asserts that the sentencing court erred when it miscalculated his sentence under the Sentencing Guidelines. Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot

---

**3.** The record does not contain information clarifying why Pregent failed to appeal.

**4.** Indeed, the use of the permissive term "may" could indicate that Congress has granted the district court discretion to deny the termination of supervised release even when both conditions precedent are met. *See Sheppard v. Riverview Nursing Ctr., Inc.,* 88 F.3d 1332, 1338 (4th Cir.1996) ("[M]ay is a

wonderfully permissive word."). *But see Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 432 n. 9, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (noting that "may" and "shall" are often treated interchangeably by legal writers). In this case, however, because the district court based its denial of Pregent's 18 U.S.C.A. § 3583(e) motion upon Pregent's conduct, we do not reach that question.

be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. *See United States v. Mikalajunas,* 186 F.3d 490, 495–496 (4th Cir.1999) ("[M]isapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."); *see also Auman v. United States,* 67 F.3d 157, 161 (8th Cir.1995) (holding absent a "miscarriage of justice," ordinary questions of Guidelines interpretation are not cognizable on collateral review); *Scott v. United States,* 997 F.2d 340, 341 (7th Cir.1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); *Knight v. United States,* 37 F.3d 769, 773–74 (1st Cir.1994) (holding that misapplication of Sentencing Guidelines is generally not a proper claim under § 2255); *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

 Assuming without deciding that Pregent's motion stated a cognizable claim for purposes of § 2255,[5] it was nonetheless untimely under the AEDPA's statute of limitations. "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their ... § 2255 motion[s]." *Brown v. Angelone,* 150 F.3d 370, 375 (4th Cir.1998). Pregent's conviction became final in 1992, but he did not file the present motion until November 24, 1997, seven months after the deadline.[6]

## V.

In conclusion, the district court did not abuse its discretion when it denied Pregent's motion under 18 U.S.C.A. § 3583(e) on the basis of Pregent's conduct. To the extent Pregent's motion was more properly characterized as a collateral attack under 28 U.S.C.A. § 2255, the motion was filed after the statute of limitations expired. Therefore, we affirm.

*AFFIRMED.*

---

5. It is undisputed that Pregent did not raise his claim of sentencing error on direct appeal. Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be recognized on habeas review only if the defendant can show both cause and prejudice for the failure to raise the claim or can show that a miscarriage of justice occurred. *See United States v. Mikalajunas,* 186 F.3d 490, 492–93 (4th Cir.1999). Because Pregent's motion did not explicitly seek habeas relief, however, the Government had no reason to raise the affirmative defense of procedural default, *see Yeatts v. Angelone,* 166 F.3d 255, 261 (4th Cir.) (noting that procedural default is generally an affirmative defense), *cert. denied,* —— U.S. ——, 119 S.Ct. 1517, 143 L.Ed.2d 668 (1999), and Pregent did not plead the requisite cause and prejudice or miscarriage of justice. We, therefore, do not address procedural default.

6. Pregent's motion does not appear to raise a claim that he had a due process liberty interest that was violated by his extended incarceration. To the extent that he raises such a claim, it, too, is time barred.

Finally, we need not address whether Pregent would be entitled to relief under § 2241. In order for us to consider an application under § 2241 in this instance, Pregent would need to show that "§ 2255 is [an] ... inadequate or ineffective" remedy. *In re Vial,* 115 F.3d 1192, 1194 n.5 (4th Cir.1997). Pregent could not make that showing here. *See id.* ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).