UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-7381

ROBINSON MONTANO-HEREDIA,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Barry R. Poretz, Magistrate Judge.
(CR-95-221-A, CA-99-1837-A)

Submitted: February 28, 2001

Decided: April 13, 2001

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Robinson Montano-Heredia, Appellant Pro Se. James L. Trump, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robinson Montano-Heredia appeals the district court order denying his motion to vacate and correct his sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000). Montano-Heredia was sentenced to a term of 121-months imprisonment and five years of supervised release for conspiracy to distribute and to posses with intent to distribute cocaine and heroin under 21 U.S.C.A. §§ 841, 846 (West Supp. 2000).

On appeal, Montano-Heredia challenges the district court's denial in five respects. Montano-Heredia first asserts that his conviction violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which required that drug quantity be submitted to a jury to determine beyond a reasonable doubt the amounts for which a defendant may be held responsible at sentencing. However, Montano-Heredia's 121-month sentence is well below the statutory maximum sentence of 240 months permitted by § 841(1)(C) for any detectable quantity of cocaine or heroin. Accordingly, "[b]ecause *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range," Montano-Heredia's conviction does not violate *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).

Montano-Heredia further contends that the district court erred in declining to grant him a downward departure at sentencing on various bases, including the "safety valve" provision of *U.S. Sentencing Guidelines Manual* § 5C1.2 (1998). However, non-constitutional claims that could have been raised on direct appeal and were not may not be raised in a collateral proceeding under § 2255. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). In particular, claims regarding a district court's misapplication of the sentencing guidelines generally are not cognizable in a § 2255 proceeding because such claims do not typically involve a miscarriage of justice. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999). Accordingly, because such claims are generally not cognizable in the context of a § 2255 motion, and Montano-Heredia has not demonstrated that the district court's failure to grant him a downward departure constitutes a mis-

carriage of justice, Montano-Heredia's requests for a downward departure were properly denied.

Next, Montano-Heredia contends that he was denied effective assistance of counsel at sentencing, in that his counsel failed to challenge the district court's alleged failure to provide an adequate statement of findings in accordance with Fed. R. Crim. P. Rule 32(c)(1) in finding Montano-Heredia ineligible for sentencing under the "safety valve" provision of § 5C1.2. However, because this issue was not presented to the district court as part of Montano-Heredia's § 2255 motion, it cannot be raised for the first time on appeal. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

Fourth, to the extent that Montano-Heredia asserts that it was improper for the district court to review his habeas petition because the same judge presided over his trial and sentencing, we note that the district court followed the procedure adopted by Rule 4 of the Rules Governing Section 2255 Proceedings ("The original motion shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him . . . ."). Therefore, Montano-Heredia's claim as to this issue is without merit as well.

Finally, Montano-Heredia alleges that he failed to receive the Government's brief in opposition to his motion to vacate and correct sentence, and because he was unable to contest the allegations therein, the district court's denial of his motion should be vacated and remanded. However, because each of Montano-Heredia's claims were properly denied as a matter of law, his failure to receive the Government's brief in opposition and notice pursuant to Local Rule 7(J) was not prejudicial.

Accordingly, we deny a certificate of appealability and dismiss Montano-Heredia's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*DISMISSED*