UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-7976

EZEKIEL C. CROSS, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-99-357, CA-01-2298)

Submitted: April 24, 2002

Decided: June 11, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Ezekiel C. Cross, Jr., Appellant Pro Se. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ezekiel C. Cross, Jr., seeks to appeal the district court's order denying his Fed. R. Civ. P. 59(e) motion for reconsideration of the denial of his motion for relief under 28 U.S.C.A. § 2255 (West Supp. 2001). We have reviewed the record and the district court's opinion and find no reversible error.*

Cross claims his indictment was defective because it failed to allege drug quantity. Therefore, he reasons, the trial court lacked jurisdiction over his conviction and sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because *Apprendi* cannot be raised on collateral review, we dismiss Cross' appeal as to this claim. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.), *cert. denied*, ___ U.S. ___, 122 S. Ct. 573 (2001).

Cross next claims he is entitled to relief under § 2255 because the sentencing court misapplied the Sentencing Guidelines in calculating his criminal history category. Cross failed to raise this claim on direct appeal, however, and the claim is consequently procedurally barred from collateral review. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Pregent*, 190 F.3d 279, 284 n.5 (4th Cir. 1999). We further find Cross failed to show cause and prejudice or actual innocence, and we accordingly dismiss his appeal as to this claim. *See Bousley*, 523 U.S. at 622.

Finally, Cross attempts to raise a number of claims for the first time on appeal, including the voluntariness of his guilty plea, actual

---

*While Cross' notice of appeal specifically addressed only the denial of his motion for reconsideration, his informal brief contests the dismissal of his underlying claims. The timely notice of appeal as to the denial of a motion for reconsideration permits consideration of the underlying order. *See* Fed. R. App. P. 4(a). We address Cross' appeal of the underlying order, but dismiss Cross' appeal as to the district court's order denying his Rule 59 motion for reconsideration because Cross failed to address the denial of his motion for reconsideration in his informal brief. *See* 4th Cir. R. 34(b).

innocence, and ineffective assistance of counsel. Finding no exceptional circumstances, we will not consider these claims on appeal. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Accordingly, we deny a certificate of appealability and dismiss Cross' appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*