**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4093**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHAVEZ DEPAUL FOX, a/k/a Paul Fox,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:05-cr-00149-JAB-5)

Submitted:  August 28, 2012      Decided:  September 14, 2012

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chavez Depaul Fox pled guilty to one count of conspiracy to distribute cocaine base. He was sentenced to a term of seventy-seven months' imprisonment to be followed by five years of supervised release. While on supervised release, Fox was arrested twice pursuant to traffic stops and found to be in possession of marijuana. The district court revoked Fox's supervised release term and sentenced him to forty-three months' incarceration. On appeal, Fox's sole contention is that the district court improperly relied on hearsay evidence in finding that he violated the terms of his release in violation of Fed. R. Crim. P. 32.1(b)(2)(C) and his rights under the Confrontation Clause.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A district court's ruling to admit hearsay evidence during a supervised release revocation hearing is likewise reviewed for abuse of discretion. United States v. Medford, 661 F.3d 746, 751 (4th Cir. 2011), cert. denied, 132 S. Ct. 1729 (2012).

"Supervised release revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied." United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012); see also

2

Fed. R. Evid. 1101(d)(3) (excluding probation revocation hearings from proceedings subject to the federal rules of evidence). However, due process affords a releasee a limited right "to confront and cross-examine adverse witnesses" at a revocation hearing "unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Prior to admitting hearsay evidence in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." Doswell, 670 F.3d at 530. Further, the due process guarantee is embodied in the procedural rule that a releasee is "entitled to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

Here Officer Hanes, who effectuated the first traffic stop, explained to the court that his captain told him that morning that he had received information that a "Paul Fox" was in possession of three pounds of marijuana. When the officer began explaining what the confidential source specifically said, defense counsel objected and the government changed its questioning to ask Officer Hanes what he did as a result of the information he received.

Upon our review, we find that the statement at issue was not hearsay. "Fed. R. Evid. 801(c) defines an out of court statement as hearsay if it is offered in evidence to prove the truth of the matter asserted." United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985) (internal quotation marks omitted). Out of court statements are not hearsay, however, "if [they are] offered for the limited purpose of explaining why a government investigation was undertaken." Id. In Love, we rejected the argument that a DEA agent's testimony concerning information he received from a fellow agent was hearsay, since the testimony was offered "only to explain why the officers and agents made the preparations that they did in anticipation of the appellants' arrest." Id.

Similarly here, Officer Hanes' testimony concerning the informant's information was not offered for the truth of the matter asserted, but rather to explain why he was looking for Fox's vehicle on the date in question. And even if the statement qualified as hearsay, the two officers subsequently testified to their first hand accounts of finding and seizing marijuana from Fox's vehicle. That testimony demonstrated the reliability of the informant's information, and reliability "is a critical factor in the balancing test under Rule 32.1." Doswell, 670 F.3d at 531. "If hearsay evidence is reliable and the Government has offered a satisfactory

4

explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1."  <u>Id.</u> Because the information provided by the confidential informant was clearly reliable, the evidence of the informant's statement, assuming it to be hearsay, would have been admissible in the revocation proceeding.

We accordingly find no abuse of discretion and affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5