**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4242

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LAVANT V. WASHINGTON,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00235-FDW-1)

Submitted:  September 20, 2012      Decided:  November 5, 2012

Before NIEMEYER, MOTZ, and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavant V. Washington appeals the district court's revocation of his supervised release.[*] On appeal, Washington argues that the Government did not prove by a preponderance of the evidence that he violated the conditions of his release, and that the district court erred in revoking his supervised release. Although we affirm the revocation of supervised release, we remand for the purpose of correcting a clerical error in the judgment. See Fed. R. Crim. P. 36.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We review the district court's factual findings for clear error. United States v. White, 620 F.3d 401, 410 (4th Cir. 2010); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A

---

[*] The judgment erroneously states that Washington was found guilty of all three violations. However, the record reveals that at the revocation hearing, the district court found in Washington's favor with respect to the third violation. Because the judgment does not accurately recite the disposition of this case, we remand to the district court for correction of the written judgment. See Fed. R. Crim. P. 36.

factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). If the district court's account of the evidence is "plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding even if it "would have decided the fact differently." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted).

We conclude that the district court did not clearly err in finding that Washington violated the terms and conditions of his supervised release when he failed to attend a scheduled mental health session and when he failed to return telephone calls from his probation officer as instructed. We further conclude that the district court did not abuse its discretion in revoking Washington's supervised release based upon these violations.

Accordingly, we affirm the district court's judgment. We remand to the district court with instructions for the court to correct the judgment to conform to its oral findings. Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED