**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-7746**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BOB HILL, a/k/a Shawn, a/k/a Marcos Leon,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:03-cr-00280-TLW-1)

—————————

Submitted:  December 13, 2012      Decided:  December 19, 2012

—————————

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Bob Hill, Appellant Pro Se.   Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bob Hill appeals the district court's denial of his petition for writ of error coram nobis, in which he contends that Padilla v. Kentucky, 130 S. Ct. 1473 (2010), should be retroactively applied to invalidate his guilty plea, given Hill's claims that his attorney failed to advise him about the immigration consequences of his plea. We review the district court's decision to deny the writ for abuse of discretion. United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

To obtain relief under such a writ, which is limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)), a petitioner must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (internal quotation marks omitted).

In this case, Hill fails to demonstrate why the more usual route of raising his claims via a 28 U.S.C.A. § 2255 (West Supp. 2012) motion is not available to him. See Akinsade, 686 F.3d at 252. Because Hill is still serving his term of

supervised release, he is "in custody" for purposes of § 2255. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). And the mere fact that we have held that Padilla cannot be retroactively applied to cases on collateral review, see United States v. Mathur, 685 F.3d 396, 401-02 (4th Cir. 2012), does not mean that a § 2255 motion is a form of relief that is "unavailable" to Hill. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). As a result, Hill has failed to demonstrate that he is entitled to coram nobis relief. See Akinsade, 686 F.3d at 252.

Because we discern no abuse of discretion on the part of the district court, we affirm its judgment. We grant leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED