**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4405**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GALEN CLIFTON SHAWVER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:00-cr-00262-TDS-2)

Submitted:  August 16, 2013      Decided:  August 21, 2013

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2001, a federal jury convicted Galen Clifton Shawver of several counts of mail and wire fraud, conspiracy, and money laundering. He was sentenced to 132 months of imprisonment followed by three years of supervised release. After his release from incarceration, the district court found that Shawver had violated the terms of his supervised release. The court revoked Shawver's supervised release and sentenced him to two months of imprisonment, followed by thirty-four months of supervised release. Shawver appeals. Finding no error, we affirm.

Shawver argues that the district court abused its discretion in revoking his supervised release. We review for abuse of discretion. See United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a term of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2013); see United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We have thoroughly reviewed the record and conclude the district court did not err in revoking Shawver's supervised release.

Shawver also challenges the district court's below-Guidelines sentence of two months of imprisonment. We review a sentence imposed on revocation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461

2

F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the United States Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2006) and 18 U.S.C. § 3553(a) (2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks and citation omitted). We have reviewed the record and the relevant legal authorities and conclude that the two-month sentence is procedurally and substantively reasonable.

Accordingly, we affirm the district court's order. We deny Shawver's motions to file a pro se supplemental brief and a pro se reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED