**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4454**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

LARRY WHITFIELD,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:00-cr-00191-RLV-2)

———————

Submitted: November 21, 2013     Decided: November 25, 2013

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Courtney J. Bumpers, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Whitfield appeals from the district court's judgment revoking his supervised release and imposing a forty-six-month sentence. Whitfield argues that the district court erred in concluding that he violated the terms of his supervised release by distributing marijuana. He contends that there was not a preponderance of the evidence demonstrating that the substance was marijuana, and even if it was marijuana, that Whitfield was involved in distribution, instead of mere possession.

We review for an abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. In this case, we conclude that the revocation did not amount to an abuse of discretion, because Whitfield's confession to distribution and possession of marijuana was corroborated by the evidence of distribution found at his house, including a digital scale and baggies. Although the substance found in Whitfield's residence was not analyzed by a laboratory, the officers testified that, based on their experience and training,

2

the substance looked and smelled like marijuana and was stored in a suspicious place in the kitchen. We therefore conclude that the court did not clearly err in finding a Class A felony.

We affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED