**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4694**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON FITZGERALD BLOUNT, a/k/a John Doe, a/k/a Pookie,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (1:00-cr-00137-JAB-1)

Submitted: March 7, 2014          Decided: March 12, 2014

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel A. Walker, CPLS, P.A., Orlando, Florida, for Appellant. Ripley Rand, United States Attorney, Andrew C. Cochran, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on a six-year term of supervised release, following the completion of his sentence for distributing cocaine base ("crack"), Leon Blount's release was revoked because of nine positive tests for cocaine. At the time of his supervised release hearing, defense counsel informed the court that Blount was interested in gaining admission to the two-year drug program, Triangle Residential Options for Substance Abuse ("TROSA"). Blount personally addressed the court and explained that the only reason he previously did not want to be in the TROSA program was that he would have to give up his job, but now sobriety was his only goal. The parties discussed the fact that TROSA was an intensive 24-7 program and that prior substance abuse programs had failed.

The court imposed a new term of imprisonment and supervised release thereafter. The written judgment "ordered" a twelve-month term of imprisonment and forty-eight-month term of supervised release, "recommended and ordered" that Blount participate in a substance abuse program, and "recommended" that he participate in the TROSA program, "should a space be available for him upon his release from the custody portion of this Judgment." (J.A. 22).

Blount was released from his twelve-month incarceration and began his new term of supervised release. A

2

petition for revocation of supervised release was filed on May 15, 2013, alleging that Blount failed to take the steps necessary to get himself entered into the TROSA program. At the hearing on the petition, the Government presented evidence from a probation officer that Blount refused to participate in TROSA and failed to complete the application process needed for the program. The probation officer explained to Blount—to no avail—that his participation in TROSA was not optional and that he needed to participate in the program when he was released from incarceration.

The district court found that Blount violated his supervised release by failing to take the necessary steps to enter the TROSA program and by failing to follow the instructions of his probation officer on the matter. The court sentenced him to six months of imprisonment and forty-two months of supervised release. Blount appeals, raising two issues: (1) whether the district court abused its discretion by revoking his supervised release, because Blount complied with the court's order; and (2) whether the district court abused its discretion by revoking his supervised release because the probation officer had no authority to order Blount to enter the TROSA program. For the reasons that follow, we affirm.

We review a district court's decision to revoke supervised release for abuse of discretion, United States v.

3

_Pregent_, 190 F.3d 279, 282 (4th Cir. 1999), viewing the district court's findings of fact related to supervised release violations for clear error. _United States v. Benton_, 627 F.3d 1051, 1054 (8th Cir. 2010). To order revocation, a district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); _United States v. Copley_, 978 F.2d 829, 831 (4th Cir. 1992). This quantum of proof "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." _United States v. Manigan_, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

Here, Blount was ordered by the district court to enter the TROSA program upon his release from incarceration. Any confusion Blount may have had regarding the mandatory nature of this requirement was clarified by his probation officer. He was not free, as he argued below, to choose his own substance abuse program. Thus, we find no abuse of discretion by the district court in its finding that Blount violated the terms of his release. _Pregent_, 190 F.3d at 282.

Next, Blount argues that the probation officer exceeded her scope of authority. In every delegation, the court must retain the right to review findings and to exercise ultimate responsibility. _United States v. Johnson_, 48 F.3d 806,

4

808-09 (4th Cir. 1995). Thus, we have held that a district court may not delegate to the probation officer the final authority to establish the amount of a defendant's partial payment of either restitution or a court-imposed fine. See United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996). Here, however, the probation officer merely effected the court's directive that Blount enter the TROSA program, if possible. Blount's refusal to do what was necessary to enter the program was in violation of the court's order and contrary to the instructions of his probation officer. We find no delegation or scope of authority problem based on these facts.

Accordingly, because Blount's claims fail on appeal, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED