**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4254**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

RAYMOND D. ROE, a/k/a Rudy,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.  (3:09-cr-00195-1)

Submitted:  October 13, 2016   Decided:  October 17, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research and Writing Specialist, Rhett H. Johnson, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond D. Roe appeals from the order revoking his supervised release and imposing a 24-month sentence. Roe challenges the revocation, arguing that his conviction pursuant to a guilty plea to a West Virginia charge of possession of material depicting a minor engaged in sexually explicit conduct did not prove a violation of state law. He also claims that his sentence is plainly unreasonable, contending that it was based primarily on a prohibited factor. We affirm.

We review a district court's decision to revoke an individual's supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

We review the district court's factual findings for clear error. United States v. White, 620 F.3d 401, 410 (4th Cir. 2010). A factual finding is clearly erroneous if, after reviewing all the evidence, we are "left with the definite and

2

firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). In West Virginia, a guilty plea is treated as an admission by a defendant of factual guilt. State ex rel. Burton v. Whyte, 256 S.E.2d 424, 429 (W. Va. 1979). We have reviewed the record and conclude that the district court did not clearly err when it found that the Government's evidence established that Roe violated his supervised release.

We also discern no error in the district court's decision to impose a 24-month sentence. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under § 3583(e) and 18 U.S.C. § 3553(a) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case.

3

See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

While Roe contends that the court impermissibly relied on the seriousness of the West Virginia offense in sentencing him, that factor may be taken into consideration to a limited degree and the record does not support that it was the determinative factor underpinning the sentence. Further, the court adequately stated permissible reasons for the sentence, including that Roe had a pattern of continuing criminal conduct when he was not incarcerated and that Roe breached the court's trust by seeking to access child pornography on a public library computer shortly after being released to probation. The court also acknowledged that the sentence was above the policy statement range but that it was necessary in light of the approved § 3553(a) factors. The court also rejected Roe's argument that he should receive a lenient sentence because the underlying behavior was allegedly not as culpable as it could be for the state conviction. We have reviewed the record and considered the parties' arguments

4

and discern no sentencing error.  We therefore conclude that Roe's sentence is not plainly unreasonable.

Accordingly, we affirm the judgment order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>