**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4354**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FEROZ RASHID SIDDIQUI,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:15-cr-00167-LMB-1)

Submitted:  September 29, 2017                    Decided:  October 3, 2017

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Elizabeth A. Mullin, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Stephen Ravas, Special Assistant United States Attorney, Christopher Catizone, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Feroz Rashid Siddiqui appeals the district court's judgment and commitment order revoking and terminating supervised release and sentencing him to 10 months' imprisonment. Siddiqui contends that there were several errors during the revocation proceeding, including not receiving written notice of the violations or an opportunity for himself or counsel to make a statement prior to sentencing. *See* Fed. R. Crim. P. 32.1(b). Siddiqui also contends that the court did not consider the appropriate sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3583(e) (2012), the Sentencing Guidelines policy statement range of imprisonment, or properly explain the sentence. Upon our review of the record, we affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). To order revocation, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). A defendant charged with violating the terms of supervised release is entitled to "written notice of the alleged violation," disclosure of the evidence against him, the opportunity to present and cross-examine witnesses, notice of the right to counsel, and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2); *see Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (noting minimum due process requirements for probation revocation); *Copley,* 978 F.2d at 831 (recognizing that due process requirements apply to revocations of supervised release).

2

Because Siddiqui admitted that he failed to attend mental health treatment and agreed to the 10-month sentence and termination of supervised release, we review for plain error. Siddiqui bears the burden of showing that "an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015) (internal quotation marks omitted); *United States v. Godwin*, 272 F.3d 659, 673 (4th Cir. 2001) (noting that burden lies with defendant to show error affected substantial rights). An error affects substantial rights if it is prejudicial or structural. *United States v. Olano*, 507 U.S. 725, 735 (1993); *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014). Even if Siddiqui makes this showing, we will "exercise [our] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lemon*, 777 F.3d at 172-73 (internal quotation marks omitted).

Siddiqui fails to show that his substantial rights were violated when he failed to receive written notice that he failed to attend mental health treatment. Siddiqui admitted the violation and does not show that his 10-month sentence was not within the applicable policy statement range or in excess of the statutory maximum sentence. *See United States v. White*, 836 F.3d 437, 447 (4th Cir. 2016) (stating that error affects substantial rights if there is reasonable probability that court would have ordered different sentence). Also, we conclude that it was not plain error when neither Siddiqui nor counsel made a statement in mitigation of the sentence. *See United States v. Wynn*, 684 F.3d 473, 480 (4th Cir. 2012) (emphasizing that, in the absence of a clear directive, and where neither

3

the Supreme Court nor this Court has spoken directly on an issue, "the issue has not been resolved *plainly*").

Finally, even if there were plain errors during the course of the revocation proceeding that may have affected Siddiqui's substantial rights, we will not exercise our discretion to correct the errors. Siddiqui accepted the 10-month sentence and termination of supervised release when the other option was to answer to a Grade A violation and a potentially longer sentence. A remand for a new revocation hearing to address the Grade A violation could seriously undermine the affect of Siddiqui's acceptance of the 10-month sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4