**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 23-6527**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRADON MARQUEZ DRAYTON,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:21-cr-00372-BHH-1)

―――――――――――

Submitted:  September 28, 2023                    Decided:  October 3, 2023

―――――――――――

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

Tradon Marquez Drayton, Appellant Pro Se.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tradon Marquez Drayton appeals the district court's text order denying his pro se motion for early termination of Drayton's five-year term of supervised release. In his motion,* which was filed in May 2023, Drayton argued that this relief was appropriate because he had paid his court fines; complied with the terms and conditions of his supervised release for nearly two years; completed rehabilitation and educational programs; was consistently employed; maintained a good relationship with his probation officer; and had strong family ties. Drayton further averred that being on supervised release precluded him from accompanying his family on a cruise to the Bahamas. The district court summarily denied the motion in a text order.

"We review a district court's decision whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C.A. § 3583(e) under the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

---

* Although Drayton cited 18 U.S.C. § 3564(c), which allows for early termination of a probationary term, Drayton's motion should have been construed under 18 U.S.C. § 3583(e)(1), which authorizes a district court to terminate a supervised release term prior to completion.

Pursuant to 18 U.S.C. § 3583(e)(1), after a defendant has served one year of supervised release, a district court may terminate the remaining term after considering certain 18 U.S.C. § 3553(a) factors, if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The statute specifically identifies which of the § 3553(a) sentencing factors that the district court should consider. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In this case, though, nothing in the district court's text order reflects consideration of any of the aforementioned factors. Accordingly, the court's ruling on Drayton's motion is not amenable to meaningful appellate review. We therefore vacate the district court's order denying Drayton's motion and remand for further proceedings. *Accord United States v. Sheppard*, 17 F.4th 449, 456 (3d Cir. 2021) (recognizing that, while district courts have much discretion in deciding an early termination motion and can satisfy the statute by "includ[ing] a statement that it considered the § 3553(a) factors in its analysis," it is not permissible for a court to deny such a motion "without any indication in its order that it applied the proper legal standard"). We express no view on the merits of Drayton's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*