**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6263

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER HARDY ZOUKIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:07-cr-00091-MR-WCM-1)

Argued:  December 5, 2023                    Decided:  December 19, 2023

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Jillian Marie Lesley, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Elizabeth Margaret Greenough, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.  **ON BRIEF:** Christopher R. Geel, GEEL LAW FIRM LLC, Charleston, South Carolina; Elizabeth A. Franklin-Best, Ranee Saunders, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Dena J. King, United States Attorney, OFFICE OF UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Christopher Hardy Zoukis appeals the district court's order denying his motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). Also pending before the court is the Government's motion to dismiss Appellant's appeal. That motion is denied.

On the merits, Appellant contends the district court abused its discretion when it denied his motion for early termination of supervised release. Appellant pled guilty on December 26, 2007 to one count of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) and one count of knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256(8)(A). He was charged with these offenses while on state supervised probation for a prior felony conviction, taking indecent liberties with a child. Appellant was sentenced on September 4, 2008 to 151 months of imprisonment and six years of supervised release.

Appellant served his prison term, and his supervised release began on October 12, 2018. On March 17, 2021, Appellant moved for early termination of his supervised release after having served approximately 30 of 72 months. Although the Government initially lodged an objection to Appellant's motion for early termination, it ultimately withdrew that objection when Appellant passed a polygraph examination.

The district court denied Appellant's motion on February 14, 2022. The court determined Appellant's request was unwarranted based upon Appellant's conduct, the interest of justice, and the relevant 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3583(e) (providing a court may terminate a term of supervised release "after the expiration of one

2

year of supervised release," "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," when "warranted by the conduct of the defendant released and the interest of justice"). However, the district court denied Appellant's motion without prejudice and encouraged him to refile based on the considerable efforts Appellant had made toward rehabilitation.

We hold the district court did not abuse its discretion. *See United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999) (reviewing denial of early termination under § 3583(e) for abuse of discretion). Appellant's history and characteristics, the nature and circumstances of his offenses, the need to protect the public, and the importance of avoiding unwarranted sentence disparities weighed against early termination at this juncture.

Therefore, the district court's order denying without prejudice Appellant's motion for early termination of supervised release is

*AFFIRMED*.