**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6220

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHON TERRELL PATTERSON, a/k/a Joe-Joe,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:06-cr-00022-KDB-SCR-12)

Submitted:  September 25, 2025                        Decided:  September 30, 2025

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jonathon Terrell Patterson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Tarrell Patterson appeals the district court's order denying his motion for early termination of his supervised release.  In his motion, Patterson argued that this relief was appropriate because he had successfully completed 45 months of supervised release, had complied with all his conditions of release, and passed all his drug tests. Patterson's supervising officer opposed early termination, highlighting that Patterson still needed help obtaining a job, a driver's license, and custody of his granddaughter.  Agreeing with Patterson's supervising officer, the court noted that Patterson was unemployed, without a license, and in the process of seeking full custody of his granddaughter.  The district court thus denied Patterson's motion.

We "review a district court's decision whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C. § 3583(e) under the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 3583(e)(1), after a defendant has served one year of supervised release, a district court may terminate the remaining term after considering certain 18 U.S.C. § 3553(a) factors, if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The § 3553(a) factors that the district court must consider are: (1) the nature and

2

circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

Here, the record does not indicate whether the district court considered the relevant statutory factors. Accordingly, we are unable to meaningfully review this portion of the district court's order. We therefore vacate the district court's order denying Patterson's § 3583(e) motion and remand for further proceedings. *See United States v. Sheppard*, 17 F.4th 449, 456 (3d Cir. 2021) (recognizing that, while district courts have much discretion in deciding an early termination motion and can satisfy the statute by "includ[ing] a statement that it considered the § 3553(a) factors in its analysis," it is not permissible for a court to deny such a motion "without any indication in its order that it applied the proper legal standard"). We express no view on the merits of Patterson's motion for early termination of supervised release. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*