**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4312**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

WOODROW WILSON BROWN, II,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:06-cr-00026-F-1)

_____

Submitted:  December 20, 2012     Decided:  December 26, 2012

_____

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Woodrow Wilson Brown, II, appeals from the revocation of his supervised release and the resulting sixty-month sentence. Brown's counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, stating that there are no meritorious issues for appeal. The Government did not file a brief. Brown filed a pro se supplemental brief. We affirm.

This court reviews the district court's revocation of supervised release for abuse of discretion. See United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a term of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2012); see United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). We have reviewed the record and conclude that the district court did not abuse its discretion in determining by a preponderance of the evidence that Brown violated the terms of his supervised release.

In his pro se supplemental brief, Brown contends that his sixty-month sentence is exponentially higher than the Sentencing Guidelines range applicable to the revocation. A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is

2

within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See Crudup, 461 F.3d at 439. Although the court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

After review of the record, we conclude that the revocation sentence is not plainly unreasonable. The sixty-month prison term does not exceed the applicable maximum allowed by statute and was supported by the district court's reasoning. See 18 U.S.C.A. § 3583(h) (West Supp. 2012). The district court considered the argument of Brown's counsel, the Guidelines advisory range, and relevant § 3553(a) factors, addressing on the record Brown's complete disregard for the court, the revocation system, and the probation office. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C); U.S. Sentencing Guidelines Manual Ch. 7, Pt. A, introductory cmt. 3(b) (2011). The district court adequately explained its rationale for imposing the sentence, and the reasons relied upon are proper bases for the sentence imposed.

Accordingly, we conclude that Brown's sentence was reasonable, and we affirm the district court's order revoking supervised release and imposing the sixty-month prison sentence. We have reviewed Brown's remaining claims in his pro se informal brief and conclude that they are without merit. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes

4

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED