**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4645**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JERMAINE PUGH,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:01-cr-00252-BO-1)

Submitted:  February 20, 2013        Decided:   March 13, 2013

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Joshua L. Rogers, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Remerius Pugh appeals the district court's judgment finding he violated his conditions of supervised release, revoking his supervised release and sentencing him to twenty-four months in prison. Pugh asserts that the district court abused its discretion when it revoked his supervised release because he argues that the evidence did not show he committed the violations of which he was accused. Pugh also asserts that his sentence is plainly unreasonable because the district court was not authorized to consider whether the sentence reflected the seriousness of the revocation offenses under 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2012). Finding no error, we affirm.

We review a district court's decision to revoke an individual's supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

This court reviews the district court's factual findings for clear error. United States v. White, 620 F.3d 401, 410 (4th Cir. 2010). A factual finding is clearly erroneous if the court reviews all the evidence and "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). It is not enough for us to conclude we would have decided the case differently. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). We have reviewed the record and conclude that the district court did not abuse its discretion when it found that the Government's evidence established Pugh violated his supervised release.

We also discern no error in the district court's decision to impose a twenty-four-month sentence. This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under § 3583(e) and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012), the district court ultimately has broad discretion to revoke supervised

release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 439-40. And although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted). We have reviewed the record and have considered the parties' arguments and discern no sentencing error. We therefore conclude that Pugh's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED