**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4882**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHARLES ORLANDO SIMMONS, a/k/a Darryl McMillan, a/k/a Big
Flip,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-01037-RBH-1)

———————

Submitted:  April 10, 2014        Decided:  May 1, 2014

———————

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Arthur Bradley Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Orlando Simmons appeals from the revocation of his supervised release and his resulting eighteen-month prison term. On appeal, Simmons' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions whether Simmons' sentence is plainly unreasonable. Although advised of his right to file a supplemental pro se brief, Simmons has not done so. After our review of the record, we affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven Policy Statements and the applicable 18 U.S.C. § 3553 (2012) factors, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 438-40, and adequately explained the sentence imposed, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, within the statutory maximum. Crudup, 461 F.3d at 440. We affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. (internal quotation marks omitted).

We conclude that Simmons' sentence is both procedurally and substantively reasonable. The district court considered the Chapter 7 Policy Statements and relevant statutory factors (including the nature and circumstances of the offense and Simmons' failure to comply with the terms of supervised release), and properly imposed a sentence within the policy statement range and below the statutory maximum.

3

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>