**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4843**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TRACI LYNN MCLEAN, a/k/a Fat Tracy,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:06-cr-00086-IMK-JSK-1)

Submitted:  April 24, 2014              Decided:  May 2, 2014

Before KING and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Kristen Leddy, Research & Writing Specialist, FEDERAL PUBLIC DEFENDER OFFICE, Clarksburg, West Virginia, for Appellant.  Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Traci Lynn McLean appeals the district court's judgment entered after the court revoked supervised release and sentenced McLean to four months' imprisonment and sixty-eight months' supervised release. McLean's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for review, but questioning whether the sixty-eight month term of supervised release was plainly unreasonable. McLean was notified of the opportunity to file a pro se supplemental brief, but chose not to do so. The Government did not file a brief. We affirm.

This court reviews a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, the court first considers whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines

2

sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the applicable § 3553 factors, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 438-40, and adequately explained the sentence imposed, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, within the statutory maximum. Crudup, 461 F.3d at 440. The court should affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will the court "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. (internal quotation marks omitted).

We have reviewed the record and the district court's reasons for ordering the sentence at issue and conclude that it was not plainly unreasonable. We note that the court considered appropriate factors before ordering the sentence at issue.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McLean's sentence. This court requires that counsel inform McLean, in writing, of the right to petition the Supreme Court of the United States for further review. If McLean requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McLean.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>