**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4544**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARK ARANJO,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:13-cr-00270-MOC-1)

───────────

Submitted: March 26, 2015        Decided: April 10, 2015

───────────

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Aranjo appeals the district court's order revoking his supervised release and sentencing him to eight months' imprisonment and one year of supervised release. Aranjo's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether (a) the district court erred in revoking Aranjo's supervised release, (b) Aranjo's sentence is unreasonable, and (c) Aranjo had ineffective assistance of counsel. Aranjo was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm in part and dismiss in part.

On July 17, 2014, while this appeal was pending, Aranjo's prison term ended, and he began serving his new term of supervised release. We may address sua sponte whether Aranjo's challenge to his imprisonment has become moot, for mootness is a jurisdictional question "grounded in the 'case-or-controversy' requirement of Article III of the U.S. Constitution." United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013) (referencing U.S. Const. art. III, § 2, cl. 1). Because Aranjo's eight-month prison term has expired, and no collateral consequences thereof appear on the record, there is no live controversy regarding this issue. See United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008). Aranjo's challenge to his

prison sentence is therefore moot, and we dismiss this portion of the appeal.

However, we retain jurisdiction to review his current term of supervised release and the district court's revocation decision. Because Aranjo admitted all four of the charged supervised release violations, the district court's revocation decision was proper. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Turning to the court's imposition of the additional term of supervised release, we conclude that the district court's imposition of the one-year term was not plain error. See United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (stating standard of review); United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). Finally, we deem Aranjo's ineffective-assistance claim inappropriate for resolution on direct appeal because the record does not conclusively establish his counsel's ineffectiveness. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal as moot insofar as Aranjo challenges his expired term of imprisonment and affirm the remainder of the district court's judgment. This Court requires that counsel inform Aranjo, in writing, of the right to petition the Supreme Court of the United States for further

review.  If Aranjo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Aranjo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

4