**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4004**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ROGER KEITH LUNSFORD,

                Defendant - Appellant.

_____

**No. 15-4005**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ROGER KEITH LUNSFORD,

                Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.   N. Carlton Tilley, Jr., Senior District Judge.   (4:97-cr-00098-NCT-1;  4:97-cr-00099-NCT-1; 1:14-cr-00190-NCT-1)

_____

Submitted:  October 29, 2015     Decided:  November 13, 2015

_____

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

J. Blake Norman, THE LAW OFFICE OF J. BLAKE NORMAN, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Roger Lunsford guilty of two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2012), one count of carry and use, by brandishing, of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012), and one count of carry and use, by discharging, of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (iii) (2012). The district court sentenced Lunsford to a total term of 454 months of imprisonment. These convictions, and two other violations, served as the basis for a petition for revocation of supervised release. The court revoked Lunsford's supervised release and sentenced him to 36 months on the violations, to run concurrently to each other and consecutively to the sentence imposed on the armed robbery convictions. On appeal, Lunsford argues that the district court erred in denying his motion for acquittal on all counts, that his sentence violates the Eighth Amendment, and that the court erred in revoking his supervised release based on the robbery convictions. Finding no error, we affirm

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). This court should affirm if, when the evidence is viewed in the light most favorable to the Government, "the conviction is supported by

3

substantial evidence." United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010) (internal quotation marks omitted). "'Substantial evidence' is 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Green, 599 F.3d 360, 367 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 562 U.S. 913 (2015). A defendant challenging evidentiary sufficiency "faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Reversal of a conviction on these grounds is limited to "cases where the prosecution's failure is clear." Id. at 244-45 (internal quotation marks omitted).

Lunsford argues that the district court erred in denying his motion for acquittal because the Government presented insufficient evidence identifying him as the perpetrator of the crimes. We have reviewed the record with the requisite standards and conclude that there is a litany of strong circumstantial evidence linking Lunsford to both robberies. The evidence was sufficient to support the convictions.

Next, Lunsford briefly argues that his sentence is categorically disproportionate, violating the Eighth Amendment. He suggests that because the statutory mandatory minimum sentence was 32 years, the court was unable to review his

4

individual characteristics and establish a sentence to meet the goals of 18 U.S.C. § 3553(a) (2012).  Although challenges to a sentence on Eighth Amendment grounds ordinarily are reviewed de novo, United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009), where, as here, a defendant fails to raise a constitutional challenge to his sentence in the district court, this court's review is for plain error only.  United States v. Olano, 507 U.S. 725, 732-33 (1993).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII. Punishment qualifies as "cruel and unusual not only when it is inherently barbaric, but also when it is disproportionate to the crime for which it is imposed."  United States v. Cobler, 748 F.3d 570, 575 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 229 (2014).  A defendant may challenge the proportionality of a sentence under the Eighth Amendment in two ways; under an "as-applied" challenge, he contests the length of a certain term-of-years sentence based on the circumstances in a particular case.  Id.  In a "categorical" challenge, a defendant asserts that an entire class of sentences is disproportionate based on the nature of the offense or the characteristics of the offender.  Id.

5

Lunsford's challenge, which sounds in a categorical analysis, fails because "[t]he present case involves neither a sentence of death nor a sentence of life imprisonment without parole for a juvenile offender, the only two contexts in which the Supreme Court categorically has deemed sentences unconstitutionally disproportionate." Cobler, 748 F.3d at 580-81. In addition, we have upheld the imposition of sentences, such as Lunsford's, that were based on multiple § 924(c) convictions. See United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994); United States v. Raynor, 939 F.2d 191, 193-94 (4th Cir. 1991). Lunsford does not show that his sentence is constitutionally infirm and that the court plainly erred in imposing the sentence.

Finally, Lunsford argues that the evidence did not support the revocation of his supervised release based on the robbery and firearm convictions. Lunsford's arguments echo the same challenges to the sufficiency of the evidence on the convictions affirmed above. We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

6

This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

This court "review[s] a district court's factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015), petition for cert. filed, ___ U.S.L.W. ___, (U.S. Oct. 13, 2015) (No. 15-6499). "Clear error occurs when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks and ellipsis omitted). We conclude that the district court did not clearly err in its factual findings, and its conclusion that Lunsford committed the violations associated with the robberies is soundly supported by a preponderance of the evidence.

Accordingly, we affirm the criminal judgment and revocation of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7