**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4598**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

RODRIGUEZ CLINTONIAN GRIER,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:99-cr-00161-MOC-1)

Submitted:  March 29, 2016            Decided:  March 31, 2016

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wallace H. Jordan, Jr., Florence, South Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodriguez Clintonian Grier appeals the district court's judgment revoking his term of supervised release and sentencing him to 12 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in finding that Grier had violated the terms of his supervised release. Although advised of his right to file a pro se supplemental brief, Grier has not done so. The Government has declined to file a response brief. Following our review of the record, we affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. We review the district court's factual findings for clear error. United States v. Padgett, 788 F.3d 370, 372-73 (4th Cir. 2015).

We conclude that the district court did not clearly err in finding that Grier violated the terms of his supervised release. Despite Grier's suggestion to the contrary, it is clear from the

2

record that Grier was under an order of supervision at the time he committed the violations alleged in this, his fifth revocation petition. Accordingly, the court did not abuse its discretion by revoking Grier's supervised release and ordering a term of imprisonment.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grier, in writing, of the right to petition the Supreme Court of the United States for further review. If Grier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED