**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4473**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

MELVIN QUICK,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:96-cr-00134-FDW-6)

─────────────

Submitted: January 31, 2017      Decided: February 2, 2017

─────────────

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Matthew B. Kaplan, THE KAPLAN LAW FIRM PLLC, Arlington, Virginia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Quick appeals the district court's judgment revoking his term of supervised release and sentencing him to seven months of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether sufficient evidence supports the revocation. Although advised of his right to file a pro se supplemental brief, Quick has not done so. The Government has declined to file a response brief. Following our review of the record, we affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. The court's factual findings are reviewed for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). We conclude that the district court did not clearly err in finding that Quick violated the stated conditions of supervised release. Accordingly, the court did not abuse its discretion by revoking Quick's supervised release and ordering a term of imprisonment.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Quick, in writing, of the right to petition the Supreme Court of the United States for further review. If Quick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Quick. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED