**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4649**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LASHAVER SINTEL GREEN, a/k/a Slugger,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge.  (1:10-cr-00968-MBS-8)

Submitted:  May 29, 2020                    Decided:  June 15, 2020

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Miller W. Shealy, Jr., MILLER SHEALY LAW FIRM, Charleston, South Carolina, for Appellant.  John C. Potterfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lashaver Sintel Green appeals the district court's order revoking his supervised release and imposing a sentence of 4 months' imprisonment followed by an additional 24-month term of supervised release. Green's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion by revoking Green's supervised release. Green also asserts that his trial counsel admitted the violation without Green's knowledge or consent and that counsel was ineffective. We affirm.

We review the district court's revocation of supervised release for abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2018). We have reviewed the record, including the transcript of the revocation hearing, and conclude that the district court did not abuse its discretion by finding by a preponderance of the evidence that Green violated a condition of his supervised release. The record also belies Green's assertion that his counsel admitted the violation without Green's knowledge or consent. We decline to address Green's claim of ineffective assistance of counsel on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal.").

In accordance with *Anders*, we have reviewed the entire record in this appeal and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Green, in writing, of the right to petition

the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Green.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*