# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

No. 20-6704

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JAMES R. NIBLOCK,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:02-cr-00568-TSE-1; 1:04-cv-00361-HEH)

Submitted: January 11, 2021               Decided: January 19, 2021

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

James R. Niblock, Appellant Pro Se. Daniel Taylor Young, Assistant United States Attorney, Kimberly M. Shartar, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James R. Niblock appeals the district court's orders denying his motions for a final ruling on his 28 U.S.C. § 2255 motion and to alter or amend the judgment. The district court denied the motions because Niblock's claims previously had been considered and determined to lack merit, because he did not have a § 2255 motion pending, and because his claims amounted to a second or successive § 2255 motion for which he had not obtained authorization. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Niblock*, No. 1:02-cr-00568-TSE-1 (E.D. Va. Oct. 8, 2019 & Apr. 2, 2020).

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015), we construe Niblock's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Niblock's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

Niblock also appeals from the district court's order denying his 18 U.S.C. § 3583(e) motion for early termination of his supervised release. Niblock asserted that his offense of conviction was not a violent offense, was an aberration, and occurred 18 years earlier. He asserted that his sentence was disproportionate to other sentences imposed for the same or worse conduct, and that his proven record of compliance weighed in favor of granting his motion. Niblock also argued that his sentence was unconstitutional because it was enhanced based on a factual finding by the judge, rather than the jury.

The district court determined that Niblock's challenge to the validity of his sentence was meritless and that "compliance alone does not justify early termination of supervised release." The district court denied Niblock's § 3583(e) motion, explaining, "Ordinarily, serving a single year of a multi-year term of supervised release is not to warrant a confident conclusion that defendant is prepared to live a law-abiding life. But this does not mean that defendant may not have his term of supervised release terminated early, as it is often the case that serving two years of supervised release without violation is sufficient to warrant that conclusion." The court then ordered Niblock to "continue to comply with the terms of his supervised release and make the requisite restitution payments."

We "review a district court's decision whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C.A. § 3583(e) under the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 3583(e)(1), after a defendant has served one year of supervised release, a district court may terminate the remaining term after considering certain 18 U.S.C. § 3553(a) factors, if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The § 3553(a) factors that the district court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2)

3

the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

Here, the record does not indicate whether the district court considered the identified factors. Accordingly, we are unable to meaningfully review this portion of the district court's order. We therefore vacate the district court's order denying Niblock's § 3583(e) motion and remand for further proceedings. We express no view on the merits of Niblock's motion for early termination of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*